**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM HEMMINGS, | Case No. 18-cv-2036 |
| Plaintiff, | Hon. Jorge L. Alonso |
| v. | |
| INSYS THERAPEUTICS, INC., a Delaware corporation, | |
| Defendant. | |

**DEFENDANT INSYS THERAPEUTICS, INC.'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

Insys Therapeutics, Inc.'s (Insys) established in its Motion to Dismiss that Plaintiff fails to allege with sufficient particularity claims for common-law fraud (Count II) or violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (Count III).

In response, Plaintiff implies that the effects of his drug addiction prevent him from having "a greater depth of recall of specific dates and times" of any purported fraudulent acts. (Opp. at 4.) Plaintiff also asks to be relieved from Rule 9(b)'s pleading requirements on the theory that the details of his claims "are within the exclusive knowledge of the defendant." (*Id.* at 3.) But the Complaint emphasizes alleged representations *to which Plaintiff was a party*. Thus, the effects on Rule 9(b) of the limited exclusive-knowledge-and-control doctrine or "information asymmetry" do not apply here. Further highlighting Plaintiff's failure to plead with sufficient particularity, the Opposition attempts to plead new facts for the first time. (*Id.* at 7.)

In short, Plaintiff's opposition arguments do not change the outcome established in Insys' motion to dismiss. Accordingly, the claims against Insys in Counts II and III fail and should be dismissed.

## I.    COUNT II LACKS PARTICULARIZED FRAUD ALLEGATIONS.

Plaintiff argues that to satisfy Rule 9(b)'s "when" requirement, it is enough to allege that "he first met with his prescribing doctor in April 2015, and that the misrepresentations concerning [Subsys'] safety were made to him by Defendant on multiple occasions between 2016 and 2017." (Opp. at 4.)  In other words, alleging general time periods, rather than identifying the times of the alleged misrepresentations with particularity, satisfies Rule 9(b) because Insys "has more than enough of an outline of Plaintiff's claims to defend against Count II and all of Plaintiff's other Counts." (*Id.* at 4, 6.)

But enabling the defendant to prepare a defense is not the true purpose of Rule 9(b).  That purpose is to "force the plaintiff to do more than the usual investigation before filing his complaint." *Ackerman v. N.W. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999) (explaining that "[t]he purpose of requiring that fraud be pleaded with particularity is not . . . to give the defendant . . . enough information to prepare his defense," but rather requires a sufficient investigation prior to filing the complaint); *Prince-Servance v. BankUnited*, FSB, No. 07 C 1259, 2007 WL 3254432, at *6 (N.D. Ill. Nov. 1, 2007) (similar).  "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman*, 172 F.3d at 469.  In other words, as this Court has held, "[t]he requirement that fraud be plead with particularity 'ensures that plaintiffs do their homework before filing suit and protects defendants from baseless suits that tarnish reputations.'" *Curran v. Bayer Healthcare LLC*, No. 17 C 7930, 2018 WL 2431981, at *2 (N.D. Ill. May 30, 2018) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Ben. Trust v. Walgreen Co.*, 631 F.3d 436, 439 (7th Cir. 2011)) (Alonso, J.).

2

Here, Plaintiff claims that any lack of specificity results from his drug addiction and "information asymmetry." (Opp. at 4, 6, 8.) Admittedly, plaintiffs are not required to "plead facts to which they lack access prior to discovery," *Katz v. Household Int'l., Inc.*, 91 F.3d 1036, 1040 (7th Cir. 1996), but here Plaintiff was a party to the very communications that purportedly contained the alleged unspecified misrepresentations or omissions. Accordingly, Plaintiff has access to the very information on which his claims are based and any claim that he lacks access to information held only by Insys is misplaced.

By his own express allegations, Plaintiff communicated directly with a former Insys sales representative. Plaintiff alleges that "on a regular basis in 2016 and 2017, [Plaintiff] texted or called [the sales representative]." (Compl. ¶ 28). Plaintiff further alleges that "he was in regular contact with [the representative] and INSYS, including by way of phone calls and texts." (*Id.* ¶ 33). Plaintiff is not a victim of information asymmetry. The Complaint demonstrates that Plaintiff has access to and possesses this information. Plaintiff cannot contest (and avoids) the point that he listed possible text messages, including at least one in hard-copy form, as being in his possession and control in his responses to the Initial Mandatory Discovery Requests. Thus, Rule 9(b) should apply with full force because Plaintiff is well-positioned to identify the "what" and "when" of the alleged misrepresentations to him. *See, e.g.*, *Eromon v. Grand Auto Sales, Inc.*, 351 F. Supp. 2d 825, 828 (N.D. Ill. 2004) (noting that the plaintiff could have "determined when the fraud took place by reviewing his own phone records" and further stating that "[t]his is exactly the type of investigation that must occur before filing a fraud claim"). For that matter, it is unclear how Plaintiff could allege any good-faith claim based on communications made directly to him, let alone a fraud claim, without possessing the substance of those underlying communications and alleged misrepresentations and omissions.

Plaintiff's Opposition does not correct the Complaint's failure to plead the timing of the alleged fraud with particularity. The closest Plaintiff comes is to say he "first met with his prescribing doctor in April 2015, and that the misrepresentations concerning [Subsys'] safety were made to him by Defendant on multiple occasions between 2016 and 2017," (Opp. at 4), which leaves more than a two-year window during which the alleged but unspecified misrepresentations or omissions could have been made. That is far from the appropriate circumstances to which Plaintiff's authority refer. *Compare* Opp. at 4 (citing *Laborers' Pension Fund v. Glendale Assoc., Ltd.*, No. 10 C 7371, 2011 WL 2976792, at *6 (N.D. Ill. July 14, 2011) (finding a general time frame satisfied Rule 9(b)'s "when" requirement only after finding the who, what, where, and how requirements were satisfied by specific examples of the fraudulent activity appended to the complaint and explained by plaintiff); *Caliber Partners, Ltd. v. Affeld*, 583 F. Supp. 1308, 1311 (N.D. Ill. 1984) (finding the "when" requirement satisfied in a securities fraud case in which the who, what, where, and how requirements were satisfied and the general time period was "at most four months"); *Prince-Servance v. BankUnited*, FSB, No. 07 C 1259, 2007 WL 3254432, at *6 (N.D. Ill. Nov. 1, 2007) (finding "general allegations as to time" sufficient to comply with Rule 9(b) when "plaintiff[s] ha[ve] plead *with great specificity* the who and what of [their] fraud claims") (emphasis added)) *with Eromon*, 351 F. Supp. 2d at 828 ("The heightened standard requires more than an allegation that the fraud occurred sometime during a period of months or years.") *and Clark v. Robert W. Baird Co., Inc.*, 142 F. Supp. 2d 1065, 1072 (N.D. Ill. 2001) (finding an allegation that fraudulent conduct "continued for a period in excess of 12 months" was deficient because "it is not enough to merely allege a period of months or years, or the duration of the activity") *and Balasa v. Valaitis*, No. 85 C 7460, 1987 WL 7822, at

*2 (N.D. Ill. Mar. 9, 1987) (finding that an allegation of fraudulent conduct had occurred at various times between 1978-1984 did not comply with Rule 9(b)).

As to Rule 9(b)'s "what" requirement, Plaintiff's only attempt to particularize what Insys allegedly misrepresented or omitted is to restate the Complaint's generalized allegations that Insys misrepresented or omitted information about the safety, efficacy, and side effects of Subsys. (Opp. at 4-5.) Plaintiff makes no response to the point that there is no allegation that his prescribing physician used something other than his own independent medical judgment to conclude that Subsys was appropriate for Plaintiff's medical treatment. Moreover, Plaintiff fails to address the implication that the alleged misrepresentations or omissions amount to little more than that the former Insys representative acknowledged Subsys as an appropriate form of treatment as prescribed by Plaintiff's physician. Again, Plaintiff's direct involvement with and initiation of communications with the representative require that Plaintiff fully satisfy Rule 9(b)'s particularity requirement as to the "what" of the misrepresentations or omissions. *See Cathedral Trading, LLC v. Chicago Bd. Options Exchange*, 199 F. Supp. 2d 851, 857 (N.D. Ill. 2002) (dismissing fraud claim where the plaintiff did not provide at least a representative example of a particular fraudulent act).

Accordingly, Plaintiff fails to satisfy Rule 9(b), and Count II should be dismissed.

## II.     THE COURT SHOULD DISMISS COUNT III.

Apparently realizing the inadequacy of the allegations in the Complaint, Plaintiff attempts to supplement his allegations with new facts in the Opposition. But this effort to remedy pleading deficiencies by introducing new "facts" in an opposition also fails. (*See* Opp. at 7 (stating for the first time as to Count III that Insys purportedly "used financial incentives [] *to the prescribing physicians* . . . [to place] profit before patient safety," in an apparent "nationwide

5

fraudulent scheme," and citing for the first time a United States Department of Justice press release) (emphasis in original).)   Plaintiff cannot cure his inadequate pleadings through his opposition to a motion to dismiss.   *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) (stating that "the complaint may not be amended by the briefs in opposition to a motion to dismiss").   The details from this press release were not pleaded in the Complaint and did not form the basis of Plaintiff's claims.   The sufficiency of the pleadings must be judged by the allegations of the Complaint – not counsel's argument of new facts in legal memoranda.

Moreover, Insys is at a loss as to how Plaintiff can rely upon alleged financial incentives to prescribing physicians in support of any of his claims, let alone Counts II and III.   Allegations as to "financially incentivizing prescribing physicians" are limited to a few scattered references in the Complaint.   (Compl. ¶¶ 41(f), 42(i), (j)).   None of those allegations is incorporated into Count II or Count III.   More fundamentally, Plaintiff makes no allegation that his prescribing physician received any sort of financial incentive in exchange for prescribing to Plaintiff.   All of Plaintiff's claims require causation as an element.   Allegations of purported financial incentives to other physicians, but not to Plaintiff's prescribing physician, fail to plead causation as a matter of law.

Finally, just as the *Medina* court recognized that "all insurers have a financial incentive to deny claims" and thus dismissed the ICFA claim in that case, this District has refused to allow incentive compensation to be the basis for an allegation of fraud.   *See, e.g.*, *In re Bally Total Fitness Sec. Litig.*, No. 04 C 3530, 2007 WL 551574, at *3 (N.D. Ill. Feb. 20, 2007) (reasoning that "[i]t does not follow that because executives have components of their compensation keyed to performance, one can infer fraudulent intent" and that 'these allegations are too common among corporations and their officers to be considered evidence of scienter") (quoting *Abrams v.*

6

*Baker Hughes Inc.*, 292 F.3d 424, 434 (5th Cir. 2002); *In re Bally Total Fitness Sec. Litig.*, No. 04 C 3530, 2006 WL 3714708, at *9 (N.D. Ill. July 12, 2006)).  The same reasoning supports the proposition that extending liability here under the ICFA for the "failure" to detail sales representatives' compensation structures is a step too far.  (Mot. at 7.)

Accordingly, for the reasons discussed above and in the Motion to Dismiss, Plaintiff fails to plead his claim against Insys as alleged, and Count III should be dismissed.

## III.  PLAINTIFF'S IMPROPER REQUEST TO AMEND THE COMPLAINT SHOULD BE DENIED.

Plaintiff improperly requests leave to amend Counts II and III in the Opposition. (Opp. at 8); *see Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996) (holding that a plaintiff cannot ask to amend his complaint in brief in opposition to a dispositive motion); *Daleidan v. DuPage Internal Med., Ltd.*, 02 C 2785, 2002 WL 1858790, at *2 (N.D. Ill. Aug. 13, 2002) (same).  Accordingly, Plaintiff's request to amend the Complaint should be denied.

## <u>CONCLUSION</u>

For the reasons above and those in the Motion to Dismiss, Insys respectfully requests that this Court enter an order dismissing Counts II and III against Insys from Plaintiff's Complaint, denying Plaintiff's request to amend the Complaint, and granting Insys such further relief as the Court deems appropriate.

Date:  July 13, 2018                                       Respectfully Submitted,

By:  /s/ Adam P. Schwartz
CARLTON FIELDS JORDEN BURT P.A.
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, FL  33607
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133
Email:  aschwartz@carltonfields.com

Counsel for Insys Therapeutics, Inc.
*Pro Hac Vice (Pending)*

David J. Doyle
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Phone:  (312) 360-6000
Email:  ddoyle@freeborn.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on the date shown below he caused the foregoing Defendant Insys Therapeutics, Inc.'s Reply Memorandum of Law in Further Support of its Rule 12(b)(6) Motion to Dismiss to be electronically filed with the Clerk for the U.S. District Court for the Northern District of Illinois, which will send a notification and a copy of the document to all counsel of record.

Dated:  July 13, 2018

/s/ David J. Doyle
Attorney for Defendant Insys Therapeutics, Inc.