UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM HEMMINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18 C 2036 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| INSYS THERAPEUTICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After plaintiff became addicted to an opioid, he filed against defendant Insys Therapeutics, Inc. ("Insys"), the marketer of the drug, a three-count complaint asserting claims for negligence, fraud and violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act.[1] Defendant moves to dismiss the fraud counts. For the reasons set forth below, the Court denies defendant's motion to dismiss [14].

**I. BACKGROUND**

The following facts are from plaintiffs' complaint, and the Court takes them as true.

Plaintiff Hemmings has been a paraplegic since a sledding accident in 1985. A work-related injury in 2010 led to his having multiple surgeries and pain. Plaintiff sought pain-management assistance from one Dr. Belmonte. Initially, Dr. Belmonte prescribed narcotics and muscle relaxers. That changed in 2015.

---

[1] The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff has alleged that he is a citizen of Illinois and that defendant is a Delaware corporation with a principal place of business in Arizona. Plaintiff alleges that the amount in controversy exceeds $75,000.00.

In April 2015, plaintiff had an office visit with Dr. Belmonte. Dr. Belmonte mentioned to plaintiff that he had learned of a new drug, SUBSYS, during an office visit from a sales representative of INSYS, the marketer of SUBSYS. Dr. Belmonte asked plaintiff whether he would be interested in hearing more. When plaintiff said yes, Dr. Belmonte brought in an INSYS sales representative, named Nick Patel ("Patel"). Plaintiff alleges:

> During the meeting, Patel indicated . . . that SUBSYS was a spray designed for fast acting pain management; that patients therefore did not have to wait for pain relief; that SUBSYS worked in about five minutes; that Mr. Hemmings could use it multiple time per day; and that Mr. Hemmings was a "perfect candidate' for SUBSYS.
>
> During that meeting, Mr. Patel . . . did not disclose or mention that SUBSYS was highly addictive; that SUBSYS was not suitable for long-term use; or that there were any risks associated with the use of SUBSYS.

(Complt. ¶¶ 18-19).

Plaintiff alleges that, based on these representations, he agreed to try SUBSYS. Had plaintiff known that SUBSYS is highly addictive and not suitable for long-term use, he would not have tried it. SUBSYS contains fentanyl, a type of opioid that, according to plaintiff's allegations, is extremely addictive and causes severe withdrawal symptoms.

Patel told plaintiff to text him when he needed refills. Thus, "on a regular basis in 2016 and 2017, Mr. Hemmings texted or called Mr. Patel, who on behalf of INSYS, arranged for shipments of SUBSYS to be sent directly to Mr. Hemmings' residence." (Complt. ¶ 28). Never during those times did Patel tell plaintiff that SUBSYS was highly addictive and not suitable for long-term use. In fact, at some point, Patel told plaintiff it was a "bad idea to reduce or discontinue" use of SUBSYS. (Complt. ¶ 34). Patel never disclosed to plaintiff that INSYS financially incentivized him to increase the quantity and strength of prescriptions for SUBSYS.

2

Plaintiff alleges that, unbeknownst to him, someone at INSYS contacted Express Scripts (the pharmacy benefit manager for plaintiff's health plan) and told an Express Scripts employee that plaintiff had cancer in order to persuade Express Scripts to approve plaintiff's use of SUBSYS.

Plaintiff became addicted to SUBSYS by about June 2015, although he did not realize it at the time. He experienced personality changes, depression, anxiety, suicidal ideation, anti-social behavior, hallucinations and difficulty sleeping and concentrating.

In the spring of 2017, plaintiff discussed with Patel reducing the strength of the SUBSYS he was taking. Patel "persuaded" plaintiff that he "should not do so." (Complt. ¶ 37). In August 2017, Dr. Belmonte, after hearing public reports of the dangers associated with SUBSYS, took plaintiff off the drug.

## II. STANDARD ON A MOTION TO DISMISS

In considering a motion to dismiss, the Court accepts as true the factual allegations in the complaint and draws permissible inferences in favor of the plaintiff. *Boucher v. Finance Syst. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018). The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a claim must be plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Allegations that

are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, the "circumstances constituting fraud" must be alleged with particularity. Fed.R.Civ.P. 9(b).

## III. DISCUSSION

Defendant first seeks to dismiss the two fraud counts (Count II for common-law fraud and Count III for violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act) on the grounds that plaintiff has failed to plead fraud with particularity.

To meet the particularity requirements of pleading fraud under Rule 9(b), a plaintiff must allege the proverbial first paragraph of a news story: the who, what, when, where and how of the fraud. *Webb v. Frawley*, 906 F.3d 569, 576 (7th Cir. 2018). The Seventh Circuit has "warned that 'courts and litigants often take an overly rigid view of the formulation' and that the precise details that must be included in a complaint 'may vary on the facts of a given case.'" *United States ex. rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (2016) (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011)). In *Pirelli*, the Seventh Circuit explained:

> The twin demands of detail and flexibility, though in tension with one another, make sense in light of the competing purposes of the federal rules. Heightened pleading in the fraud context is required in part because of the potential stigmatic injury that comes with alleging fraud and the concomitant desire to ensure that such fraught allegations are not lightly leveled.

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 442 (7th Cir. 2011).

Here, defendant argues that plaintiff's complaint is not sufficiently particular with respect to the timing and content of the alleged misrepresentations. The Court disagrees and concludes that plaintiff has sufficiently alleged the who, what, when, where and how of the alleged fraud. Plaintiff alleges that in April 2015, his doctor asked him if he would be interested in SUBSYS and, when plaintiff expressed interest, the doctor brought in the sales representative from INSYS. Plaintiff alleges that, during that conversation, the INSYS sales representative told him he could take SUBSYS multiple times per day and that he was a perfect candidate for the drug. This was false, because plaintiff needed a drug he could take long-term, which SUBSYS was not. In fact, an employee of INSYS told the pharmacy benefit manager that plaintiff had cancer, which was also false, so that the benefit manager would continue to approve the drug for plaintiff. The reasonable inference is that plaintiff, without cancer, was not a perfect candidate for SUBSYS. Plaintiff alleges that, during the same conversation, the representative failed to tell him the drug was highly addictive and not suitable for long-term use. These allegations are sufficiently particular to state a claim for fraud.

Plaintiff also alleges that he continued to communicate with the sales representative in 2016 and 2017, because the sales representative told plaintiff to contact him for refills. Plaintiff alleges that, during these communications (by text message and by phone), the sales representative continued to fail to inform plaintiff that SUBSYS was highly addictive and not suitable for long-term use. The Court appreciates that plaintiff has not alleged particular dates for these communications in 2016 and 2017. If those were plaintiff's only allegations of fraud, the Court might have required plaintiff to amend to include additional details of the dates. In this case, though, plaintiff has already alleged with sufficient particularity the conversation in April 2015, so even with the lack of specificity on dates in 2016 and 2017, plaintiff has given

5

sufficient notice of his claim such that the Court is not worried defendant will be unfairly stigmatized.  The Court finds that plaintiff has alleged fraud with sufficient particularity and denies defendant's motion to dismiss Counts II and III on those grounds.  *See Laborers' Pension Fund v. Glendale Assoc., Ltd.*, Case No. 10 C 7371, 2011 WL 2976792 at *6 (N.D. Ill. July 14, 2011) (refusing to dismiss claims of fraud alleged with a general time frame).

Next, defendant makes an additional argument for dismissal of Count III, plaintiff's claim for violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act.  As defendant notes, plaintiff alleges that defendant's sales representative failed to disclose that defendant gave him financial incentives to increase the quantity and strength of physician prescriptions for SUBSYS.  Defendant argues that such an omission is not actionable as fraud, because it is, at best, a conflict of interest.  The Court agrees that the allegation is consistent with lawful conduct, because financial incentives and commissions are not inherently unlawful.  *Cf. Medina v. Public Storage, Inc.*, Case No. 12 C 170, 2014 WL 1715517 at *8 (N.D. Ill. April 30, 2014) ("[T]he plaintiffs fail to grapple with the basic fact that *all* insurers have a financial incentive to deny claims.  That is a theoretical conflict of interest, but it is not a fraudulent or unscrupulous practice[.]").  Thus, the allegation, alone, would not suffice to state a claim for fraud.  *Twombly*, 550 U.S. at 570 (allegations that are as consistent with lawful conduct as with unlawful conduct to do not push a claim over the line to plausible).  Nonetheless, as explained above, plaintiff has set out a claim for violation of the Illinois Consumer Fraud Act based on other misstatements and omissions, so the Court will not dismiss Count III.

## IV. CONCLUSION

For the reasons set forth above, the Court denies defendant's motion to dismiss [14].


SO ORDERED.                          ENTERED:   January 23, 2019

                                    _____
                                    JORGE L. ALONSO
                                    United States District Judge